# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

| | |
|---|---|
| **In Re:**<br><br>PHYLLIS TRACY,<br><br>**Debtor.** | **Bankruptcy Case<br>No. 06-40044-JDP** |

---

| | |
|---|---|
| PHILLIP TRACY and<br>PATRICIA TRACY, husband<br>and wife,<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>PHYLLIS TRACY,<br><br>**Defendant.** | **Adv. Proceeding No. 06-8040** |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

    Lance J. Schuster, HOPKINS RODEN CROCKETT HANSEN & HOOPES, Idaho Falls, Idaho, Attorney for Plaintiffs.

MEMORANDUM OF DECISION - 1

Jay A. Kohler, Idaho Falls, Idaho, Attorney for Defendant.

Plaintiffs Phillip and Patricia Tracy obtained state court money judgments against Defendant Phyllis Tracy, a chapter 7 debtor. In this adversary proceeding, Plaintiffs ask that these debts be deemed excepted from discharge in Defendant's bankruptcy case under 11 U.S.C. § 523(a)(15).[1] The issues were submitted to the Court for decision based upon stipulated facts and written briefs in lieu of trial. *See* Docket Nos. 8;10–12. This Memorandum constitutes the Court's findings of fact, conclusions of law and disposition of the issues. Fed. R. Bankr. P. 7052.

## *Findings of Fact*

Plaintiff Phillip Tracy and Defendant were married in 1994 and divorced on October 15, 2003. Stip. of Fact at 2, Docket No. 8. The parties stipulated to a division of their marital assets, including their various items of personal property. In addition, they agreed that the home in which they resided would be Plaintiff's separate property, but Defendant was granted an option to purchase the home from Plaintiff within 90 days, assuming she was able to obtain

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

financing. Stip. at 3, Ex. 1, Docket No. 8. Defendant could not obtain a loan to buy the home, and instead it was thereafter agreed Defendant could rent the residence from Plaintiff.

Defendant resided in the home under this arrangement until March 2005. Findings of Fact and Conclusions of Law at 8, Ex. 4, Docket No. 8. When she vacated the residence, Defendant took several items from the home. She also withdrew $3,179.00 from a joint account at a credit union that had not been dealt with in the divorce proceedings. Apparently, Defendant's name was not ordered to be removed from the account via the divorce, and Plaintiff continued to use the account as his own, while Defendant opened another, separate account. Defendant was therefore able to access Plaintiff's funds in the account. Plaintiff had married Patricia Tracy by this time and the bank account funds included the Plaintiffs' tax refund.

Plaintiffs sued Defendant in state court seeking a money judgment against Defendant, as well as for the return of the items they claimed Defendant wrongfully removed from the house. After a contest, the state court found that Defendant had misappropriated the range from the residence. It also decided that Defendant had wrongfully taken possession of an ATV. The ATV had been awarded to Defendant in the divorce, but the state court decided she had thereafter

MEMORANDUM OF DECISION - 3

transferred it to Plaintiff in exchange for his promise to pay the balance due on the debt for its purchase. The state court also concluded that Defendant had taken a tent, lantern, snow blower, lawn mower, camp awning and a skill saw from the house, all of which the state court decided were Plaintiff's property.[2]

The court granted Plaintiffs a judgment against Defendant that declared that Plaintiffs were the owners of, and entitled to possession of, the ATV, range, tent, lantern, camp awning and skill saw; a money judgment for $3,757.31 for the funds removed by Defendant from the bank account, and prejudgment interest on those funds; $300.00 for the value of the snow blower and $50 for the value of the lawn mower; and in a later judgment, $4,597.00 for Plaintiffs' attorney fees and costs. Exs. 5–6, Docket No. 8.

Plaintiffs ask the Court to determine that the state court's money judgments against Defendant, totaling $8,354.31, are excepted from discharge under § 523(a)(15). Defendant objects, and contends that the money judgments are dischargeable because they were not incurred by Defendant in the course of the parties' divorce proceedings, as required by the statute. In addition, Defendant argues Plaintiff Patricia Tracy lacks standing as she is not Defendant's spouse or

---

[2] The state court rejected Plaintiffs's request that Defendant be ordered to return several other items. Indeed, while entering judgment in favor of Plaintiffs, the state court concluded Plaintiffs had only partially prevailed in the action. Findings of Fact and Conclusions of Law at 13, Ex. 4, Docket No. 8.

MEMORANDUM OF DECISION - 4

former spouse.

### *Conclusions of Law*

### I.

A chapter 7 discharge will not relieve an individual debtor of responsibility for any debt owed:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

Plaintiff Phillip Tracy has established by way of the Stipulated Facts that he and Defendant were married, and then divorced, and therefore, that he is Defendant's "former spouse." Stip. Facts at 2, Docket No. 8. Thus, Phillip Tracy may invoke the discharge exception set forth in § 523(a)(15). But while Defendant is indebted to her under the judgments, Plaintiff Patricia Tracy is not a "spouse, former spouse, or child of the debtor." As a result, any claims held by Plaintiff Patricia Tracy against Defendant cannot be excepted from discharge under § 523(a)(15).

MEMORANDUM OF DECISION - 5

## II.

### A.

Plaintiffs contend that "[t]he plain meaning of the statute is that [a debt arising under] <u>any</u> order of a court to a former spouse is nondischargeable." Plaintiffs' Trial Brief at 5, Docket No. 11 (emphasis in original). However, this argument ignores the additional provisions of the statute requiring that the subject debt be incurred "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit." Although BAPCPA removed the "balancing of hardships" exception to nondischargeablity under this provision, there is nothing to suggest Congress intended to expand the exception to include debts owed by a debtor to a former spouse that were not incurred in the course of dissolution of their marital relationship. As Collier notes:

> Section 523(a)(15) now provides, unqualifiedly, that a property settlement obligation encompassed by section 523(a)(15) is nondischargeable. Thus, in individual cases under chapters 7 and 11 and in cases under chapter 12, all of which base dischargeability on the subsections of section 523(a), the distinction between a domestic support obligation and other types of obligations arising out of a marital relationship is of no practical consequence in determining the dischargeability of the debt.

MEMORANDUM OF DECISION - 6

4 Collier on Bankruptcy ¶ 523-118–523-119 (2006).

In this context, the standard of proof is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). The Ninth Circuit has stated "[by] its terms, § 523(a)(15) applies only to debts 'incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .'" *Short v. Short* (*In re Short*), 232 F.3d 1018, 1022 fn. 1 (9th Cir. 2000) (quoting 11 U.S.C. § 523(a)(15); citing *Gamble v. Gamble* (*In re Gamble*), 143 F.3d 223, 225 (5th Cir. 1998) (interpreting § 523(a)(15)). Contrary to Plaintiff's argument, under § 523(a)(15), in order to be nondischargeable, Plaintiff must prove by a preponderance of the evidence that the subject debts were "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." *Id.*

**B.**

Plaintiff argues the judgment debts owed to him by Defendant "resulted from a dispute as to the property rights of the parties following divorce." Plaintiffs' Trial Brief at 6, Docket No. 11. This contention is, of course, correct as far as it goes. But, according to the stipulated facts, the parties' property dispute arose approximately a year and a half after the divorce decree was entered.

MEMORANDUM OF DECISION - 7

Although the residence was awarded to Plaintiff in the divorce as his separate property, he thereafter rented it to Defendant. This created a new, landlord/tenant relationship between the parties. The subsequent lawsuit involved claims for damages Defendant allegedly caused to the residence as a tenant; claims that Defendant converted Plaintiff's personal property when she vacated the residence; and claims that she wrongfully withdrew funds from a joint bank account that the parties stipulated was not mentioned in the divorce decree. *See* Ex. 4 at 4, Docket No. 8. In addition, while the ATV was awarded to Defendant in the divorce decree, the state court found that Defendant thereafter sold it to Plaintiffs. *Id.* None of these claims gave rise to debts owed by Defendant to Plaintiff arising from their prior status as spouses.

Each of the debts represented by the money judgments arose after the divorce was complete based upon the subsequent dealings between the parties unrelated to the dissolution of the parties' marriage. These are not the types of debts to a former spouse § 523(a)(15) excepts from discharge.

### *Conclusion*

The judgment debts owed by Defendant to Plaintiffs were not incurred in the course of a divorce proceedings. Additionally, Plaintiff Patricia

MEMORANDUM OF DECISION - 8

Tracy is not entitled to relief because she is not Defendant's former spouse. Therefore, the Court concludes the judgment debts are subject to discharge in Defendant's bankruptcy case.

A separate judgment will be entered.

Dated: February 2, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 9